Gordon BUIS, Plaintiff–Appellee,

v.

HENRY MEDFORD, INC.
Defendant–Appellant.

Court of Appeals of Tennessee,
Eastern Section.

May 3, 1990.

Rehearing Denied June 12, 1990.

Permission to Appeal Dismissed
by Supreme Court Sept. 24, 1990.

Lee Dan Stone, III, Tazewell, for defendant-appellant.

Johnny V. Dunaway, Dunaway, Dunaway & Van Hook, LaFollette, for plaintiff-appellee.

## OPINION

FRANKS, Judge.

Defendant appeals from the chancellor's establishing a boundary line between the parties, insisting the Powell River is the true boundary line separating the parties' lands.

The dispute is essentially over 4 acres of land lying along the eastern side of the Powell River. At trial, it was the contention of the plaintiff that his boundary crossed the river and encompassed the 4 acres, while the defendant insisted that the boundary between the parties was the river.

After hearing the evidence, the chancellor rejected all claims of adverse possession and concluded "[N]either side has shown enough adverse possession, under color of title or otherwise, to exclude the other side", but in establishing the boundary line he relied on an original land grant to a Marian Williams and, on the basis of that grant, ruled the 4 acres in dispute belonged to the plaintiff.

Minnie Buis purchased the property now owned by plaintiff at a chancery court sale in 1934 and was delivered a clerk and master's deed on the 15th day of March, 1934. The description of the property in that deed is:

> A certain tract of land situated in the 5th civil district of Claiborne County, Tennessee, adjoining the lands of one Welch on the north; Powell's river on the east; the lands of one Massengill on the

south; the lands of Campbell on the west; and containing about 300 acres.

In 1971, plaintiff had received a deed from his mother with a description calling for the 4 acres across the river, but the chancellor noted "that deed was not placed of record until subsequent to the filing of this suit."

The deeds in defendant's chain of title and defendant's deed call for the western boundary of defendant's property to be the "Powell's River" or the "meanders of the Powell River".

 Where a landowner's boundaries are described in the deed by the boundaries of others only, the court looks to the deeds of the adjoining landowners to establish the boundaries, *Cusick v. Cutshaw,* 34 Tenn. App. 283, 237 S.W.2d 563 (1948), and a call to run with a stream or river controls a call for courses and distances. *Turnage v. Kenton,* 102 Tenn. 328, 52 S.W. 174 (1899). Moreover, if there are inaccuracies in the description of a large body of land, courses and distances yield to calls for natural objects, such as a river, and to calls for lines of adjacent landowners. *Phoenix Mutual Life Ins. Co. v. Kingston Bank & Trust Co.,* 172 Tenn. 335, 112 S.W.2d 381 (1938).

 Filed in evidence was a land grant to Marian Williams from the State of Tennessee in 1888 which was relied upon by the chancellor to establish the boundary. There is no evidence that the grant has ever been recorded in Claiborne County and, contrary to plaintiff's counsel's assertions, no reference is made to this grant in the Clerk and Master's Deed of 1934.[1] While it has been held that a specific reference to a land grant by its registration number may establish a proper description, there is no reference to the grant or its registration in plaintiff's deeds. *See Fielder v. Pemberton,* 136 Tenn 440, 189 S.W. 873 (1916); *Lieberman v. Clark,* 114 Tenn. 117, 85 S.W. 258 (1904).

With the exception of the deed recorded subsequent to the filing of the instant ac-

tion, the plaintiff cannot by deed establish title to the disputed area, whereas the descriptions contained in the deeds in defendant's chain of title encompass the disputed area. Accordingly, we reverse the judgment of the chancery court and remand for the entry of a judgment establishing the Powell River as the boundary line between the parties.

The costs incident to the appeal are assessed to appellee.

SANDERS, P.J. (E.S.), and ANDERSON, J., concur.

---

1. On page 4 of plaintiff's brief it is stated: Significantly, however, the Clerk and Master's Deed ... describes the property as "being known as the old Marion Williams land which was purchased through Chancery Court of Claiborne County, Tennessee."